UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

WILLIAM KOCH and DEBORAH KOCH,

        Plaintiffs,

     -against-                          No. 19-cv-07081-ENV-LB

BOBCAT OF NEW YORK, INC. d/b/a BOBCAT OF     **BOBCAT OF NEW YORK,**
LONG ISLAND and CLARK EQUIPMENT COMPANY   **INC.'S ANSWER TO**
d/b/a BOBCAT COMPANY,                     **AMENDED COMPLAINT;**
                                         **DEMAND FOR JURY TRIAL**

        Defendants.

----------------------------------------------------------------------- X

      Defendant BOBCAT OF NEW YORK, INC. ("Defendant"), by and through its undersigned

counsel, hereby responds to Plaintiffs' Amended Complaint as follows:

## <u>JURISDICTION</u>

      1.     The allegations contained in Paragraph 1 of the Amended Complaint are legal

conclusions to which no response is required.

      2.     The allegations contained in Paragraph 2 of the Amended Complaint are legal

conclusions to which no response is required.

      3.     The allegations contained in Paragraph 3 of the Amended Complaint are legal

conclusions to which no response is required.

      4.     Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph 4 of the Amended Complaint and, on that basis,

denies each and every allegation contained therein.

      5.     Defendant admits the allegations contained in Paragraph 5 of the Amended

Complaint.

6.     Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

8.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

## COUNT I

## FOR NEGLIGENCE AGAINST DEFENDANT AS AGAINST DEFENDANT BOBCAT

9.     Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 8 of the Amended Complaint as though fully set forth herein.

10.     Defendant denies each and every allegation contained in Paragraph 10 of the Amended Complaint, and specifically denies that it designed, manufactured, assembled, inspected, tested, modified, marketed, sold, or distributed the Bobcat T300 Skid Steer Loader alleged in the Amended Complaint.

11.     Defendant denies each and every allegation contained in Paragraph 11 of the Amended Complaint.

12.     Defendant denies each and every allegation contained in Paragraph 12 of the Amended Complaint.

13.     Defendant denies each and every allegation contained in Paragraph 13 of the Amended Complaint.

14.     Defendant denies each and every allegation contained in Paragraph 14 of the Amended Complaint

15.     Defendant denies each and every allegation contained in Paragraph 15 of the Amended Complaint

16.     Defendant denies each and every allegation contained in Paragraph 16 of the Amended Complaint.

17.     Defendant denies each and every allegation contained in Paragraph 17 of the Amended Complaint.

18.     Defendant denies each and every allegation contained in Paragraph 18 of the Amended Complaint.

19.     Defendant denies each and every allegation contained in Paragraph 19 of the Amended Complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of the Amended Complaint, and specifically denies that it manufactured, assembled, inspected, modified, tested, leased, sold, or distributed the Bobcat T300 Skid Steer Loader alleged in the Amended Complaint.

21.     Defendant denies each and every allegation contained in Paragraph 21 of the Amended Complaint, and specifically denies that it manufactured, assembled, inspected, modified, tested, leased, sold, or distributed the Bobcat T300 Skid Steer Loader alleged in the Amended Complaint.

22.     Defendant denies each and every allegation contained in Paragraph 22 of the Amended Complaint.

23.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

24.     Defendant denies each and every allegation contained in Paragraph 24 of the Amended Complaint, and specifically denies that it designed, manufactured, assembled, inspected, tested, modified, sold, or distributed the Bobcat T300 Skid Steer Loader alleged in the Amended Complaint.

25.     Defendant denies each and every allegation contained in Paragraph 25 of the Amended Complaint.

26.     Defendant denies each and every allegation contained in Paragraph 26 of the Amended Complaint.

27.     Defendant denies each and every allegation contained in Paragraph 27 of the Amended Complaint.

## COUNT II

## FOR BREACH OF WARRANTY AS AGAINST DEFENDANT BOBCAT

28.     Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 27 of the Amended Complaint as though fully set forth herein.

29.     Defendant denies each and every allegation contained in Paragraph 29 of the Amended Complaint, and specifically denies that it designed, manufactured, assembled, inspected, modified, tested, sold, or distributed the Bobcat T300 Skid Steer Loader alleged in the Amended Complaint.

30.     Defendant denies each and every allegation contained in Paragraph 30 of the Amended Complaint.

31.    Defendant denies each and every allegation contained in Paragraph 31 of the Amended Complaint.

32.    Defendant denies each and every allegation contained in Paragraph 32 of the Amended Complaint.

33.    Defendant denies each and every allegation contained in Paragraph 33 of the Amended Complaint.

34.    Defendant denies each and every allegation contained in Paragraph 34 of the Amended Complaint.

## COUNT III

### FOR STRICT TORT LIABILITY AGAINST DEFENDANT BOBCAT

35.    Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 34 of the Amended Complaint as though fully set forth herein.

36.    Defendant denies each and every allegation contained in Paragraph 36 of the Amended Complaint.

37.    Defendant denies each and every allegation contained in Paragraph 37 of the Amended Complaint.

38.    Defendant denies each and every allegation contained in Paragraph 38 of the Amended Complaint.

39.    Defendant denies each and every allegation contained in Paragraph 39 of the Amended Complaint.

40.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

41.     Defendant denies each and every allegation contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies each and every allegation contained in Paragraph 42 of the Amended Complaint.

43.     Defendant denies each and every allegation contained in Paragraph 43 of the Amended Complaint.

<u>**COUNT IV**</u>

<u>**FOR NEGLIGENCE AGAINST DEFENDANT CLARK**</u>

44.     Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 43 of the Amended Complaint as though fully set forth herein.

45.     The allegations contained in Paragraph 45 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

46.     The allegations contained in Paragraph 46 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

47.     The allegations contained in Paragraph 47 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

48.     The allegations contained in Paragraph 48 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

49.     The allegations contained in Paragraph 49 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

50.     The allegations contained in Paragraph 50 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

51. The allegations contained in Paragraph 51 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

52. The allegations contained in Paragraph 52 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

53. The allegations contained in Paragraph 53 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

54. The allegations contained in Paragraph 54 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

55. The allegations contained in Paragraph 55 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required. To the extent any of the allegations contained within Paragraph 55 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

56. The allegations contained in Paragraph 56 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required. To the extent any of the allegations contained within Paragraph 56 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

58. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

59. The allegations contained in Paragraph 59 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required. To the extent any of the allegations

contained within Paragraph 59 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

60.     The allegations contained in Paragraph 60 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

61.     The allegations contained in Paragraph 61 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

62.     [Omitted]

63.     The allegations contained in Paragraph 63 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 63 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

**COUNT V**

**FOR BREACH OF WARRANTY AS AGAINST DEFENDANT CLARK**

64.     Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 63 of the Amended Complaint as though fully set forth herein.

65.     The allegations contained in Paragraph 65 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

66.     The allegations contained in Paragraph 66 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 66 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

67.     The allegations contained in Paragraph 67 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations

contained within Paragraph 67 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

68.     The allegations contained in Paragraph 68 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 68 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

69.     The allegations contained in Paragraph 69 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

70.     The allegations contained in Paragraph 70 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 70 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

## COUNT VI

## FOR STRICT TORT LIABILITY AS AGAINST DEFENDANT CLARK

71.     Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 70 of the Amended Complaint as though fully set forth herein.

72.     The allegations contained in Paragraph 72 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 72 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

73.     The allegations contained in Paragraph 73 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

74.     The allegations contained in Paragraph 74 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

75.     The allegations contained in Paragraph 75 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 75 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

76.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

77.     The allegations contained in Paragraph 77 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 77 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

78.     The allegations contained in Paragraph 78 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.

79.     The allegations contained in Paragraph 79 of the Amended Complaint are not directed against this Defendant and, therefore, no response is required.  To the extent any of the allegations contained within Paragraph 79 of the Amended Complaint could be construed to be against this Defendant, they are hereby denied.

## COUNT VII

## ON BEHALF OF PLAINTIFF DEBORAH KOCH

80.     Defendant repeats, reiterates and re-alleges each and every answer to paragraphs 1 through 79 of the Amended Complaint as though fully set forth herein.

81.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint and, on that basis, denies each and every allegation contained therein.

82.     Defendant denies each and every allegation contained in Paragraph 82 of the Amended Complaint.

Defendant denies that Plaintiffs are entitled to any legal, equitable, or other relief.

\*          \*          \*

As and for separate and additional defenses to each of Plaintiffs' purported causes of action, without conceding that it bears the burden of proof or persuasion as to any of the issues raised in these defenses, Defendant alleges as follows:

## FIRST DEFENSE

The Amended Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a claim on which relief can be granted.

## SECOND DEFENSE

The purported causes of action alleged in the Amended Complaint are barred by the applicable statutes of limitation.

## THIRD DEFENSE

The purported causes of action alleged in the Amended Complaint are barred by the doctrine of laches and undue delay in giving notice to Defendant of the matters alleged in the Amended Complaint and in commencing this litigation.

## FOURTH DEFENSE

As a result of Plaintiffs' unreasonable delay in bringing this action without good cause therefor, in addition to other unreasonable acts and omissions, Plaintiffs have waived each or some of the causes of action purportedly stated in the Amended Complaint.

## FIFTH DEFENSE

Plaintiffs cannot prove any facts showing that any conduct of Defendant was the proximate cause of any injury or damage allegedly sustained by Plaintiffs.

## SIXTH DEFENSE

Any injury or damage allegedly sustained by Plaintiffs was proximately caused by Plaintiff William Koch's voluntary assumption of a known risk of injury to his person. Plaintiff William Koch knew and appreciated the dangers and risks, if any, associated with the use of the products referred to in the Amended Complaint. Nonetheless, he voluntarily and with opportunity to do otherwise used the products in disregard of known warnings, dangers and directions regarding their use and failed to take known, reasonable and available means to care for his own safety.

## SEVENTH DEFENSE

Any injury or damage allegedly sustained by Plaintiffs was proximately caused by Plaintiff William Koch's use of the products referred to in the Amended Complaint for a purpose and in a manner other than that for which they were intended and in disregard of warnings, instructions and directions regarding their use, which was not reasonably foreseeable to Defendant.

## EIGHTH DEFENSE

At the time of the incident alleged in the Amended Complaint, the products referred to in the Amended Complaint had been modified or altered after they left the possession, custody, and control of Defendant, without Defendant's knowledge or consent and in a manner that was not reasonably

foreseeable to Defendant. Any injury or damage allegedly sustained by Plaintiffs was proximately caused by such modification or alteration.

## NINTH DEFENSE

Plaintiff William Koch was negligent in and about the matters alleged in the Amended Complaint and in each purported cause of action therein; this negligence proximately caused, in whole or in part, the damages alleged in the Amended Complaint. Accordingly, the amount of damages to which Plaintiffs are entitled, if any, must be diminished or barred by reason thereof.

## TENTH DEFENSE

Any injury or damage allegedly sustained by Plaintiffs was proximately caused by the negligent or willful acts or omissions of third parties over whom Defendant neither controlled nor had the right to control. Such acts, omissions, or other conduct of third parties constitute intervening or superseding causes of any injury or damage allegedly sustained by Plaintiffs. Accordingly, the amount of damages to which Plaintiffs are entitled, if any, must be diminished or barred by reason thereof.

## ELEVENTH DEFENSE

At the time the products referred to in the Amended Complaint were designed, manufactured, distributed and sold, they conformed to the then current state of the art and the then current state of medical, scientific and industrial knowledge, art and practice was such that Defendant did not and could not know that the products might pose a risk of harm in normal and foreseeable use.

## TWELFTH DEFENSE

The products referred to in the Amended Complaint were designed, manufactured, distributed and sold in conformity with and pursuant to statutes, government regulations and industry standards based upon the state of knowledge existing at the time of the activities.

## THIRTEENTH DEFENSE

At the time the products referred to in the Amended Complaint left the possession, custody, and control of Defendant, the products bore labels which were accepted, approved, and mandated by and under the laws and regulations of the United States and its duly constituted agencies. By reason thereof, the counts alleged in the Amended Complaint are barred under the doctrine of federal preemption because granting the relief prayed for in the Amended Complaint would impermissibly infringe upon and conflict with federal laws, regulations, and policy in violation of the supremacy clause of the United States Constitution.

## FOURTEENTH DEFENSE

If Defendant supplied any product, either directly or indirectly, to Plaintiff William Koch's employer, this product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States, other persons and/or entities.

## FIFTEENTH DEFENSE

This action is barred under the government contractor's defense theory.

## SIXTEENTH DEFENSE

To the extent the Amended Complaint purports to allege counts for breach of warranty, all such counts, if any, are barred (a) because there is no privity of contract between Defendant and Plaintiffs; (b) because timely notice of any claim of breach of warranty was not given to Defendant; (c) because Plaintiffs did not reasonably rely on the claimed warranty, and (d) to the extent that claims are based on any warranty not expressly printed on the labeling which accompanied the products.

## SEVENTEENTH DEFENSE

Plaintiffs failed to take reasonable action to mitigate the injuries and damages alleged in the Amended Complaint. Accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

## EIGHTEENTH DEFENSE

Some or all of Plaintiffs' alleged damages have been or will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is therefore entitled to a collateral source offset under New York Civil Practice Law and Rules section 4545.

## NINETEENTH DEFENSE

Article 16 of the New York Civil Practice Law and Rules is applicable to the present action and the liability, if any, of Defendant for non-economic loss is not joint and several but shall be limited to the proportionate share, if any, attributed to Defendant.

## TWENTIETH DEFENSE

Pursuant to Section 15-108 of the General Obligations Law, to the extent Plaintiffs have given a release or covenant not to sue or not to enforce a judgment to an alleged co-tortfeasor of Defendant, Plaintiffs' claims are reduced to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages, whichever is greatest.

## TWENTY-FIRST DEFENSE

Defendant is entitled to a set-off against any award of damages to Plaintiffs by reason of any payment from any person or entity for the injuries and damages alleged pursuant to Section 15-108 of the New York General Obligations Law.

## TWENTY-SECOND DEFENSE

At the time of Plaintiff William Koch's use of the products referred to in the Complaint, the danger alleged in the Amended Complaint was obvious or known to him. As a result, Defendant was not required to warn of such danger.

## TWENTY-THIRD DEFENSE

Defendant is not liable to Plaintiffs with respect to the injuries alleged in the Amended Complaint because such injuries, if any, were caused by pure accident in terms of law.

## TWENTY-FOURTH DEFENSE

If Plaintiff William Koch was injured by any products manufactured or distributed by Defendant, such products were intended for and sold to a knowledgeable and sophisticated user over whom Defendant had no control and who was fully informed as to the risks and dangers, if any, associated with those products and the precaution, if any, required to avoid those risks and dangers. By reason thereof, Defendant had no duty to warn Plaintiff William Koch or to further warn the knowledgeable user of the risks and dangers, if any, associated with the products, and whatever injury, if any, Plaintiffs sustained was proximately caused by the failure of the knowledgeable user of the products to use them for the purposes for which and in the manner in which they were intended to be used and to warn and instruct adequately concerning the products and the dangers and risks, if any, associated with them.

## TWENTY-FIFTH DEFENSE

Plaintiffs have failed to join all persons necessary and/or indispensable for full and just adjudication of the purported causes of action asserted in the Amended Complaint.

## TWENTY-SIXTH DEFENSE

To the extent not set forth herein, Defendant incorporates by reference the defenses of the other defendants in this action as may be applicable to the purported causes of action asserted against Defendant.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Amended Complaint, and that judgment be entered in favor of Defendant;

2. That Defendant be awarded its costs of suit incurred in defense of this action; and

3. For such other and further relief as the Court deems proper.

\*      \*      \*

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

Dated: New York, New York
       February 28, 2020

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

__/s/ Berj K. Parseghian_____
Berj K. Parseghian
*Attorneys for Defendant*
BOBCAT OF NEW YORK, INC.
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
Berj.Parseghian@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, the foregoing document was filed with the

Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or

the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon

the following parties and participants:

> Peter D. Baron
> LAW OFFICES OF PETER D. BARON, PLLC
> *Attorneys for Plaintiffs*

and by first-class mail, postage-prepaid upon the following parties and participants:

> Clark Equipment Company
> 250 East Beaton Drive
> West Fargo, ND 58078

DATED:  February 28, 2020

_____/s/  Berj K. Parseghian_____
Berj K. Parseghian
