UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WILLIAM KOCH and DEBORAH KOCH,

                Plaintiffs,

         v.

BOBCAT OF NEW YORK, INC. and CLARK
EQUIPMENT COMPANY d/b/a BOBCAT
COMPANY,

                Defendants.

**MEMORANDUM & ORDER**
19-CV-07081 (HG) (TAM)

---

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff William Koch brings this action against Defendants Bobcat of New York, Inc. ("Bobcat") and Clark Equipment Company ("Clark"), asserting claims of negligence, breach of warranty, and strict tort liability under New York law. *See* ECF No. 13 (Amended Complaint). Mr. Koch alleges that he was severely injured while operating a Bobcat T300 Skid Steer Loader (the "Loader"). *See* ECF No. 13 ¶ 8. Plaintiff Deborah Koch claims loss of consortium of her husband due to the injuries he allegedly sustained. *See* ECF No. 13 ¶¶ 80–82. Presently before the Court are Defendants' motions to dismiss. *See* ECF No. 73 (Bobcat's Motion to Dismiss); ECF No. 74 (Clark's Motion to Dismiss). Plaintiffs have opposed the motions. *See* ECF No. 76 (Plaintiffs' Opposition).[1] For the reasons set forth below, both motions are granted, and the Amended Complaint is dismissed.

---

[1] Plaintiffs filed separate oppositions to Defendants' motions to dismiss. *See* ECF No. 76; ECF No. 77. Because the arguments in Plaintiffs' oppositions are identical, the Court cites to the earlier-filed memorandum of law at ECF No. 76 throughout this decision. Both Defendants have also filed replies in support of their motions. ECF No. 78 (Clark's Reply); ECF No. 79 (Bobcat's Reply).

## BACKGROUND

The Court draws the following facts from the Amended Complaint.[2] On March 20, 2017, Mr. Koch was operating the Loader in the course of his employment with the United States Fish and Wildlife Service. *See* ECF No. 13 ¶¶ 7–8. Mr. Koch alleges that, at that time, both Defendants were responsible for, *inter alia*, "designing, manufacturing, assembling, inspecting, testing, modifying, marketing, selling and/or distributing" the Loader. *Id.* ¶ 45; *see also id.* ¶ 20. While Mr. Koch was operating the Loader, the front bucket descended onto the front cabin door, causing the door to snap backward and strike Mr. Koch's "left upper extremity" (the "Incident"). *Id.* ¶ 8. Plaintiff alleges that he suffered multiple "severe" and "permanent" injuries as a result of the Incident. *Id.*

## PROCEDURAL HISTORY

### I.  The OWCP and ECAB Decisions

Two days after the Incident, on March 22, 2017, Mr. Koch filed his first claim with the Office of Workers' Compensation Programs ("OWCP"). *See* ECF No. 72-3 at 2 (October 11, 2017, OWCP Decision).[3] The claim was for "traumatic injury," as defined by the OWCP. *See*

---

[2]  The Court is "required to treat [Plaintiffs'] factual allegations as true, drawing all reasonable inferences in favor of Plaintiffs to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court therefore "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *Id.*

[3]  The Court takes judicial notice of the administrative decisions of the OWCP as well as the Employees' Compensation Appeals Board ("ECAB") cited herein, which were attached to Defendants' motions. *See Golden Hill Paugussett Tribe of Indians v. Rell*, 463 F. Supp. 2d 192, 197 (D. Conn. 2006) ("Among the matters of which courts may take judicial notice are decisions of an administrative agency."). The Court uses the pages assigned by the Electronic Case Files System ("ECF").

2

*id.* Mr. Koch alleged that he had sustained several injuries to his left hand and wrist. *See id.* On September 6, 2017, the OWCP advised Mr. Koch that his claim was deficient, but provided him with an opportunity to submit additional evidence. *See id.* After he submitted additional documents, the OWCP, on October 11, 2017, denied Mr. Koch's claim for all injuries—with the exception of a left hand contusion, or bruise—because the evidence was "not sufficient to establish" that the alleged traumatic injuries were "causally related" to the Incident (the "Injury Decision"). *See id.* at 3; *see also* ECF No. 72-2 at 4 (September 10, 2019, ECAB Decision). In other words, while the OWCP found that the left hand contusion was an "accepted" injury, or otherwise caused by the Incident, *see* ECF No. 72-2 at 4, it nevertheless denied Mr. Koch's "traumatic injury" claim as to the remainder of his alleged injuries on the basis that insufficient evidence was presented to show that the alleged injuries were causally related to the Incident. *See* ECF No. 72-3 at 2–4. Accordingly, and as relevant to the analysis here, the remainder of Plaintiff's alleged injuries were not "accepted" by the OWCP.[4] *See id.*

On September 7, 2017, Mr. Koch filed a second claim with the OWCP related to the Incident. *See* ECF No. 72-2 at 3–4. This time, he alleged a disability commencing on August

---

[4] In order for a claim to be "accepted" under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, the claim must meet five basic elements. ECF No. 72-3 at 3. The claim must:

> (1) Be <u>Timely Filed</u>.
> (2) Be made by a Federal <u>Civil Employee</u>.
> (3) Establish <u>Fact of Injury</u>, which has both a factual and medical component. Factually, the injury, accident or employment factor alleged must have actually occurred. Medically, a medical condition must be diagnosed in connection with the injury or event.
> (4) Establish <u>Performance of Duty</u>. The injury and/or medical condition must have arisen during the course of employment and within the scope of compensable work factors.
> (5) Establish <u>Causal Relationship</u>, which means the medical evidence establishes that the diagnosed condition is causally related to the injury or event.

*Id.* (underlined in original).

21, 2017, stemming from the Incident. *See id.* at 4. Mr. Koch alleged that his use of "lawn mowers, chain saws, and hand tools in the performance of duty contributed to the development of [his] claimed left wrist conditions." *Id.* On October 6, 2017, the OWCP informed Mr. Koch that the evidence submitted was insufficient to establish that he sustained a recurrence of disability, based on his "accepted" left hand contusion, but permitted Mr. Koch to submit additional documentation. *See id.* Thereafter, on November 21, 2017, the OWCP denied Mr. Koch's recurrence of disability claim, reasoning that there was insufficient evidence showing how the alleged disability was caused by the Incident (the "Disability Decision"). *See id.* at 5. On August 8 and 17, 2018, Mr. Koch requested reconsideration of the Disability Decision and submitted additional evidence. *Id.* On November 6, 2018, the OWCP declined to modify the Disability Decision, finding that the additional evidence submitted was insufficient to establish a recurrence of disability. *Id.* at 6.

On January 16, 2019, Mr. Koch appealed the November 6, 2018, OWCP denial of reconsideration to the ECAB. *Id.* at 2. The ECAB issued a decision on September 10, 2019, finding that Mr. Koch had "not provided sufficient medical reasoning . . . [to] relate [Mr. Koch's] disability to the accepted March 20, 2017, left hand contusion." *Id.* at 7. The ECAB decision further noted that Mr. Koch had not "met his burden of proof to establish a recurrence of total disability . . . causally related to his accepted March 20, 2017, employment injury." *Id.* at 8. Since then, Mr. Koch has requested reconsideration of the Disability Decision and submitted additional medical evidence five times, but the OWCP has declined to modify its prior orders every time. *See* ECF No. 72-4 at 4–6 (October 26, 2023, ECAB Decision).[5] Most

---

[5]    The Court cites to the October 26, 2023, ECAB decision only to provide background as the decision postdates Plaintiffs' Amended Complaint. *See Nelson v. Myrtle Beach Collegiate Summer Baseball League, LLC,* No. 12-cv-1655, 2013 WL 6273890, at *4 n.5 (D. Conn. Dec. 4,

4

recently, the ECAB found once again that Mr. Koch "ha[d] not met his burden of proof to establish a recurrence of total disability" causally related to the Incident. *Id.* at 9.

## II. The Federal Case

Plaintiffs filed the original complaint in this action on December 18, 2019, *see* ECF No. 1 (Complaint), and the Amended Complaint on February 14, 2020, *see* ECF No. 13. Bobcat answered the Amended Complaint on February 28, 2020, *see* ECF No. 18 (Bobcat Answer), and Clark answered the Amended Complaint on March 26, 2020, *see* ECF No. 22 (Clark Answer). On May 20, and May 21, 2020, Bobcat and Clark, respectively, filed amended answers to assert collateral estoppel as additional defenses. *See* ECF No. 31 (Bobcat Amended Answer); ECF No. 32 (Clark Amended Answer). This action was then stayed multiple times, at the request of all parties, due to Mr. Koch's reconsideration motion pending in the underlying OWCP proceeding. *See, e.g.*, July 2, 2020, Text Order; May 6, 2021, Text Order; October 3, 2023, Text Order. After the stay was lifted, the Court permitted Bobcat and Clark to file motions to dismiss in light of the OWCP proceedings. *See* ECF No. 73; ECF No. 74. Those motions are now ripe for the Court's review.

## **LEGAL STANDARD**

"[A] motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).[6] "When—as here—a Rule 12(b)(6) motion is filed after

---

2013) ("[B]ecause these exhibits post-date the [c]omplaint, the [c]ourt will not consider them."). The Court does not rely on the October 26, 2023, ECAB decision in deciding these motions.

[6]     Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

5

an answer to the complaint has already been filed, the appropriate response is to treat such an untimely motion to dismiss as a motion for judgment on the pleadings under Rule 12(c)." *Bernato v. Arthur J. Gallagher & Co.*, No. 15-cv-1544, 2015 WL 4643165, at *3 (S.D.N.Y. Aug. 5, 2015). "[T]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Ezra v. Bristol-Myers Squibb Co.*, 784 F. App'x 48, 49 (2d Cir. 2019). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Mount Sinai Hosp. Grp.*, No. 23-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

"Dismissal under Rule 12(b)(6) is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law." *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003). "The party asserting collateral estoppel bears the burden of demonstrating that it is entitled to this relief." *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 93 (2d Cir. 2005).

## DISCUSSION

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior

6

proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). "The principle holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal, which acts in a judicial capacity." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991); *see also Rahman v. U.S. Dep't of Homeland Sec.*, 593 F. Supp. 3d 49, 54 (E.D.N.Y. 2022) ("Collateral estoppel (and res judicata) may apply to federal agencies' final determinations."), *aff'd sub nom. Rahman v. Mayorkas*, No. 22-904-cv, 2023 WL 2397027 (2d Cir. Mar. 8, 2023). Defendants argue that Plaintiffs are collaterally estopped from asserting their claims in this action due to the OWCP's finding that Mr. Koch's alleged traumatic injuries were not causally related to the Incident. *See* ECF No. 73 at 6; ECF No. 74 at 4.[7] Plaintiffs respond that the doctrine of collateral estoppel should not apply because New York law prohibits it and because "there is no identicality of issue." *See* ECF No. 76 at 2, 8. For the reasons set forth below, the Court finds collateral estoppel applies in this case and Plaintiffs are therefore barred from relitigating the same issue already decided by the OWCP.

**I.   Federal Law Applies**

Plaintiffs assert that "the Court should apply New York state law and determine that collateral estoppel may not be invoked." ECF No. 76 at 2. On the other hand, Defendants argue that federal law principles govern. ECF No. 78 at 9–11; ECF No. 79 at 7–9. The Court agrees with Defendants that federal law governs the determination of whether judgments of a federal agency have preclusive effect. Although "[a] federal court sitting in diversity generally applies

---

[7] Although Defendants argue that both the Injury Decision and the Disability Decision are preclusive of Plaintiffs' claims, *see* ECF No. 74 at 14–15; ECF No. 79 at 11–14, the Court considers only the preclusive effect of the Injury Decision because only in the Injury Decision did the OWCP find specifically that the traumatic injuries alleged here were not caused by the Incident, *see infra* § III.A.

7

the law of the forum state," *Levine v. Sears Roebuck & Co.*, 200 F. Supp. 2d 180, 186 n.10 (E.D.N.Y. 2002), "the preclusive effect of a judgment rendered by a federal court on a *federal question* is determined by federal law principles, even where, as here, a subsequent court sits in diversity," *Stinnett v. Delta Air Lines, Inc.*, 803 F. App'x 505, 508 n.3 (2d Cir. 2020) (emphasis in original).  In other words, "[t]he federal standard for collateral estoppel governs the preclusive effect of a federal decision resolving issues of federal law." *In re Horowitz*, No. 14-36884, 2016 WL 1039581, at *5 (Bankr. S.D.N.Y. Mar. 15, 2016).  Here, the OWCP's Injury Decision resolved an issue of federal law; namely, whether Mr. Koch's claimed traumatic injuries were causally related to the Incident in a way that would qualify Mr. Koch for workers' compensation under the FECA.[8]  The OWCP answered this question in the negative.  *See* ECF No. 72-3 at 2–4.  And, as discussed in more detail below, *see infra* § II, the Court finds that the OWCP was acting in a judicial capacity in doing so.  Accordingly, "[s]ince the prior judgment in this case was that of a federal agency acting in a judicial capacity, this Court will apply the federal law of collateral estoppel." *See Hinojos v. Honeywell Fed. Mfg. & Techs., LLC*, No. 07-cv-0022, 2007 WL 9700827, at *3 (D.N.M. Apr. 6, 2007) (applying federal law of collateral estoppel where prior action was adjudicated under the Contractor Employee Protection Program).

## II. The OWCP Decision May Be Given Preclusive Effect

The Court must next address the issue of whether a decision by a federal agency may be given preclusive effect by a federal court sitting in diversity.  Under federal common law,

---

[8]  "FECA provides compensation for personal injuries sustained by a federal employee while in the performance of his duty." *Shuford v. United States*, No. 13-cv-6303, 2014 WL 4199408, at *4 (E.D.N.Y. Aug. 21, 2014).  "Congress has vested the Secretary of Labor . . . with exclusive authority to administer and decide all questions arising under the FECA." *Id.* at *3.  "The Secretary of Labor delegated the authority to administer programs under FECA to the Director of the [OWCP] . . . ." *Id.* at *4 n.6.  "The ECAB has jurisdiction to consider and decide appeals from final decisions of OWCP in any case arising under the FECA." *Id.*

8

"where a single issue is before a court and an administrative agency, preclusion . . . often applies." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (analyzing the preclusive effect of a decision by the Trademark Trial and Appeal Board). "To enforce repose, an administrative determination may be given collateral estoppel effect in a subsequent civil action when an administrative agency acted in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Chauffeur's Training Sch., Inc. v. Spellings*, 478 F.3d 117, 132 (2d Cir. 2007). Defendant Bobcat argues that the OWCP acted in a judicial capacity when it determined that no causal relationship exists between the Incident and the severe injuries Plaintiffs allege here. ECF No. 73 at 9–10. On this point, which is uncontested by Plaintiffs, the Court agrees.

For an administrative agency to act in a judicial capacity, the agency must use "procedures substantially similar to those employed by the courts." *Casmento v. Volmar Constr., Inc.*, No. 20-cv-0944, 2021 WL 1062343, at *4 (S.D.N.Y. Mar. 19, 2021); *accord United States ex rel. Kirk v. Schindler Elevator Corp.*, 926 F. Supp. 2d 510, 520 (S.D.N.Y. 2013). Here, Mr. Koch had the opportunity to submit evidence to the OWCP, and according to the Injury Decision, he did, in fact, submit two rounds of evidence, which consisted of medical reports and opinions, as well as arguments to support his claim. *See* ECF No. 72-3 at 2–3. Based on the evidence Mr. Koch submitted, the OWCP made an adjudicative determination— specifically, that the Incident was not the cause of Mr. Koch's alleged traumatic injuries. *See* ECF No. 72-3 at 4. In response to an unfavorable ruling, Mr. Koch could either request reconsideration by the OWCP or appeal to the ECAB. *See id.* at 5–6.[9] Courts have found that,

---

[9] Mr. Koch did not request reconsideration of the Injury Decision, but instead requested reconsideration of only the Disability Decision. *See* ECF No. 72-2 at 4–8. After the OWCP

9

by implementing these types of procedures, administrative agencies are acting in judicial capacities. *See Spellings*, 478 F.3d at 132 (finding that a Department of Education decision, which was issued after plaintiff had an opportunity to submit evidence and argument, was preclusive even though the DOE procedures did not allow for discovery nor cross-examination); *see also Bachman v. United States*, No. 03-cv-4897, 2006 WL 3761985, at *4–6 (D.N.J. Dec. 19, 2006) (giving preclusive effect to a finding of the OWCP). Here, there is no question that the OWCP acted in a judicial capacity when it made the Injury Decision. Accordingly, the Court gives the OWCP's Injury Decision preclusive effect under federal law.

Plaintiffs argue that the Injury Decision should not be given preclusive effect because of the recently enacted New York Workers' Compensation Law ("NYWCL") Section 118-A. *See* ECF No. 76 at 8. Section 118-A provides that:

> With respect to an action for a workers' compensation claim permissible under this chapter, no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship.

NYWCL § 118-A. As an initial matter, given that the Court has already determined that federal law governs the preclusive effect of a federal agency's decision, New York law plays no role in determining the preclusive effect of the OWCP's Injury Decision. *See Stinnett*, 803 F. App'x at 508 ("This may be the preferred result under New York law, but federal courts apply federal law in determining the preclusive effect of a federal judgment."). However, even assuming *arguendo* that New York law applies to the question of the preclusive effect of the Injury Decision, Section

---

denied his request to modify the Disability Decision, Mr. Koch then appealed to the ECAB, which affirmed the Disability Decision. *See id.*

118-A applies only to decisions rendered by the New York State Workers' Compensation Board concerning claims filed under the NYWCL.

The first clause of Section 118-A specifies that the section applies to "an action for a workers' compensation claim *permissible under this chapter*." NYWCL § 118-A (emphasis added). That chapter governs workers' compensation claims in New York State. *See id.* § 142 ("The workmen's compensation board shall have power to hear and determine all claims for compensation or benefits . . . under the provisions of this chapter . . . ."). And "board" is specifically defined as the New York Workers' Compensation Board. *See id.* § 2 ("'Board' means the workers' compensation board of the state of New York."). "If the statutory language is unambiguous, [courts] construe the statute according to the plain meaning of its words." *United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 171 (2d Cir. 2018). Because the Court finds that Section 118-A unambiguously applies only to the decisions of the New York Worker's Compensation Board, Plaintiffs' argument regarding the applicability of NYWCL Section 118-A necessarily fails.

### III. Plaintiffs are Collaterally Estopped from Litigating Their Claims in This Court

Collateral estoppel applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012).[10] Defendants argue that the Injury Decision meets all these requirements. *See*

---

[10] As previously discussed, federal law applies in determining the preclusive effect of a federal judgment. *Marvel*, 310 F.3d at 286. However, even if the Court were to engage in the collateral estoppel analysis applied under New York law, the result here would be the same. *See id.* ("[T]here is no discernible difference between federal and New York law concerning res

11

ECF No. 73 at 11; ECF No. 74 at 13–17.  Plaintiffs contest only the first prong of the analysis, contending that "there is no identicality of issue," and therefore collateral estoppel should not apply.  *See* ECF No. 76 at 8.

### A. The Issue of Causation Was Raised Before the OWCP

Plaintiffs argue that the identical issue was not litigated in the context of Mr. Koch's disability claim.  *See id.* at 8–13.  They further argue that the Disability Decision, and subsequent requests for reconsideration and appeals, focused on whether Mr. Koch met his burden of proving that he was "totally disabled," whereas the issue here is whether he "suffered a disabling injury as a result of the [Incident]."  *See id.* at 13.  By ignoring the Injury Decision, Plaintiffs' argument misses the point.  Following the Incident, Mr. Koch filed two types of claims with OWCP:  (1) a "traumatic injury" claim for the injuries he allegedly suffered as a result of the Incident, *see* ECF No. 72-3 at 2, and (2) a "wage-loss compensation" claim for an alleged disability stemming from those injuries, *see* ECF No. 72-2 at 3.  In the Injury Decision, the OWCP did not accept any of Mr. Koch's "traumatic injury" claims except for a left hand bruise. ECF No. 72-3 at 4; *see also* ECF No. 72-2 at 4.  In its Disability Decision, the OWCP denied Mr. Koch's disability claim because "[i]t found that the record contained insufficient medical evidence explaining how [Mr. Koch's] alleged total disability for the claimed period was due to the accepted [hand bruise]."  ECF No. 72-2 at 5.  The ECAB affirmed the Disability Decision. *See id.* at 8.

Whether Mr. Koch was disabled as a result of the hand bruise is a different question than whether the injuries Plaintiff alleges here were caused by the Incident.  "[T]o meet the identity-

---

judicata and collateral estoppel."); *see also Belsito v. Cnty. of Erie*, No. 19-cv-215, 2021 WL 3053386, at *4 (W.D.N.Y. July 20, 2021) ("The principles of collateral estoppel are generally the same under New York and federal law.").

12

of-issues prong of collateral estoppel, it is not necessary that the issues be exactly identical; it is sufficient that the issues presented in the earlier litigation are substantially the same as those presented by the later action." *Cerny v. Rayburn*, 972 F. Supp. 2d 308, 316–17 (E.D.N.Y. 2013). In this case, Plaintiffs allege that the Incident caused significant injuries to Mr. Koch's left hand and wrist. *See*, *e.g.*, ECF No. 13 ¶¶ 23, 58. Specifically, Plaintiffs allege that the Loader came into contact with Mr. Koch's "left upper extremity," causing him to suffer multiple "severe" and "permanent" injuries as a result of the Incident. *Id.* ¶ 8. The issues raised here more closely align with the issues addressed in the Injury Decision, and not the Disability Decision. Furthermore, Defendants are not relying on estoppel for the issue of whether Mr. Koch was *disabled* as a result of the Incident. Rather, Defendants are seeking to estop Plaintiffs from claiming that the Incident *caused* Mr. Koch's injuries. *See* ECF No. 73 at 9; ECF No. 74 at 13. Accordingly, the Court considers the preclusive effect of the OWCP's Injury Decision where the agency found that Mr. Koch's injuries were not "causally related" to the Incident. *See* ECF No. 72-3 at 2–4.[11]

Although Mr. Koch was given the opportunity to provide supporting evidence before the OWCP made the Injury Decision, the OWCP still determined that, "after a thorough review of

---

[11] Defendant Clark argues that the injuries alleged here are the same as the injuries alleged in the Injury Decision. ECF No. 74 at 14–15. Plaintiffs do not address this in their Amended Complaint nor Opposition. *See generally* ECF No. 13; ECF No. 76. On that basis alone, the Court finds that Plaintiffs have abandoned any argument that the injuries alleged in this case are not the same as those in the Injury Decision. *See Charlier v. 21 Astor Place Condo.*, No. 22-cv-05903, 2024 WL 4026253, at *8 (S.D.N.Y. Sept. 3, 2024) (deeming claims abandoned where plaintiff did not raise any contrary arguments in opposition to a motion to dismiss). That is the case even without refence to Plaintiff's Rule 26 disclosure, *see* ECF No. 74 at 15, which the Court may not rely on in this posture. *See Hardy v. City of New York*, No. 12-17, 2013 WL 5231459, *2 (S.D.N.Y. July 9, 2013) ("In considering a Rule 12(c) motion, a court generally may not rely on documents outside the pleadings.").

13

all evidence," it was "not sufficient to establish that the medical condition is causally related to the [Incident]." *Id.* at 3. In other words, the OWCP ultimately denied Mr. Koch's "traumatic injury claim" because he failed to establish a causal link between his alleged injuries and the Incident. *See id.* at 2–4. To ultimately sustain any of their claims here, Plaintiffs must similarly prove that the Incident caused Mr. Koch's alleged injuries. *See Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 888 (E.D.N.Y. 2018) ("In order to adequately plead a claim with regard to [strict liability, negligence, or breach of express or implied warranty], the plaintiff must show" that the "product was the actual and proximate cause of the plaintiff's injury."). Because that issue was squarely decided against Mr. Koch in the Injury Decision, the Court finds that Defendants satisfy the first prong of the collateral estoppel analysis.

### B. The Issue Was Actually Litigated Before the OWCP

"To determine whether an issue has been actually litigated for issue preclusion purposes, the Court reviews the record in the prior case to ensure that the issue has been submitted to the trier of fact for determination." *Rivera v. Doe*, No. 09-cv-00007, 2011 WL 2222306, at *5 (D. Conn. June 7, 2011). Plaintiffs do not address this prong of the collateral estoppel analysis in their papers and therefore have abandoned any argument that it is not satisfied. *See generally* ECF No. 76; *see also Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims . . . that are not defended have been abandoned.").[12] "Nevertheless, out of an abundance of caution, the Court examines this issue," *John v. Lewis*, No. 15-cv-5346, 2017 WL 1208428, at *9 n.17 (E.D.N.Y. Mar. 31, 2017), and finds that Mr. Koch actually litigated the

---

[12] Plaintiffs also do not address the "full and fair opportunity to litigate" nor the "necessary to support a final judgment" prongs of collateral estoppel and therefore have similarly abandoned any argument that those prongs are not satisfied.

14

causation element of his traumatic injury claim. Here, the OWCP found in the Injury Decision, "after a thorough review of all evidence," that Mr. Koch had not "sustained an injury and/or medical condition causally related to the [Incident]." ECF No. 72-3 at 3–4. Mr. Koch's "claim for the diagnosed conditions . . . [was] denied based on the fifth basic element, [c]ausal [r]elationship." *Id.* at 4. Therefore, because causation between the Incident and Mr. Koch's claimed injuries was an "issue upon which the [agency's] judgment relied, . . . the identical issue was actually litigated and decided." *See Galin v. United States*, No. 08-cv-2508, 2008 WL 5378387, at *8 (E.D.N.Y. Dec. 23, 2008).

          C.     *Plaintiffs Had a Full and Fair Opportunity to Litigate the Issue Before the OWCP*

As to the third prong of the analysis, "there is no simple test for determining whether a party has had a full and fair opportunity to litigate the claim or issue sought to be precluded." *Rivera v. Patnode*, No. 11-cv-0532, 2012 WL 1029661, at *4 (N.D.N.Y. Mar. 26, 2012). "Rather, the basic concern is one of fairness." *Cruz v. Root*, 932 F. Supp. 66, 68 (W.D.N.Y. 1996). The Court finds that the OWCP gave Mr. Koch ample opportunity to support his claim, provide additional evidence, and challenge unfavorable decisions through reconsideration or appeal. *See generally* ECF No. 72-2; ECF No. 72-3. The fact that Mr. Koch did not request reconsideration nor appeal the Injury Decision does not render his opportunity to litigate any less meaningful. *See Peralta v. St. Lukes Roosevelt Hosp.*, No. 14-cv-2609, 2015 WL 394764, at *6 (S.D.N.Y. June 26, 2015) ("Plaintiff's choice to not avail himself of the process available to him did not deprive him of a full and fair opportunity to present his claims."). Ultimately, in the Injury Decision, the OWCP found that "the medical evidence in [Mr. Koch's] file fails to provide a well-reasoned medical opinion, supported by objective findings, as to exactly how [the Incident] caused, aggravated or contributed to [Mr. Koch's] diagnosed medical conditions."

15

ECF No. 72-3 at 3.  Accordingly, the proceeding before the OWCP demonstrates that Mr. Koch had a full and fair opportunity to litigate the issue.

### D. The Causal Element Was Necessary to Support a Final Judgment by the OWCP

"The fourth prong of the collateral estoppel test asks whether the issue as to which preclusion is sought was necessary to support a valid and final judgment on the merits in the prior proceeding.  An issue is necessary or essential only when the *final outcome* hinges on it." *Wash. State Inv. Bd. v. Odebrecht S.A.*, No. 17-cv-8118, 2024 WL 3616422, at *8 (S.D.N.Y. July 10, 2024) (emphasis in original).  Under the FECA, the OWCP was required to determine whether the Incident caused Mr. Koch's medical injuries because, as discussed above, "Causal Relationship" is the fifth of five requirements for "acceptance" of such a claim.  *See* ECF No. 72-3 at 3.  The OWCP found that Mr. Koch had met the first four requirements but denied Mr. Koch's claim because there was a lack of evidence to establish the causal relationship between his injuries and the Incident.  *See id.*  Therefore, the OWCP's determination that Mr. Koch failed to establish a causal relationship was essential to the Injury Decision and necessary to support its final judgment.

Plaintiffs seek to hold Defendants liable for damages on theories of negligence, breach of warranty, and strict liability.  *See* ECF No. 13 at 2–13.  Each of those causes of action requires proof of causation linking the Incident to the alleged injuries.  *See Fahey v. A.O. Smith Corp.*, 908 N.Y.S.2d 719, 723 (N.Y. App. Div. 2010) ("Whether an action is pleaded in strict products liability, breach of warranty, or negligence, the plaintiffs must prove that the alleged defect is a substantial cause of the events which produced the injury.").  That question—of whether there is a causal relationship between Mr. Koch's injuries and the Incident—however, has already been answered by the OWCP in the negative.  And, because those proceedings meet the requirements

16

of collateral estoppel, Plaintiffs are precluded from relitigating the causation issue here. As such, all their claims must be dismissed.[13]

### IV. The Court Declines to Grant Plaintiffs Leave to Amend

The Court declines to grant Plaintiffs leave to amend. *See Iwachiw v. Travelers*, No. 14-cv-5615, 2015 WL 5476070, at *3 (E.D.N.Y. Sept. 15, 2015) (denying leave to amend after granting a motion for judgment on the pleadings pursuant to Rule 12(c)). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). Plaintiffs do not seek leave to amend their complaint for a second time, and on that basis alone, the Court need not grant it. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."). Nevertheless, the Court would decline to grant leave to amend, as Plaintiffs' claims are barred by collateral estoppel, and any amendment would therefore be futile. *See Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*, No. 08-cv-

---

[13] Because Mr. Koch's claims are dismissed, Mrs. Koch's loss of consortium claim must also be dismissed as that claim is derivative of Mr. Koch's claims. *See Weiss v. Vacca*, 196 N.Y.S.3d 479, 483–84 (N.Y. App. Div. 2023) ("Since a loss of consortium cause of action is derivative in nature, the dismissal of the primary causes of action mandates dismissal of this derivative cause of action as well."); *accord Dunham v. Covidien LP*, No. 19-cv-2851, 2019 WL 6341179, at *7 (S.D.N.Y. Nov. 27, 2019). It follows that because any amendment to Mr. Koch's claims would be futile, as discussed *infra* § IV, any amendment to Mrs. Koch's claim would also be futile. *Ungureanu v. A. Teichert & Son*, No. 11-cv-0316, 2011 WL 4862425, at *12 (E.D. Cal. Oct. 13, 2011) ("There being no available state law claim from which plaintiff . . . can derive her loss of consortium . . . given her derivative status, this claim should be dismissed without leave to amend.").

17

3810, 2011 WL 2226625, at *10 (S.D.N.Y. June 1, 2011) ("Because claims barred by collateral estoppel cannot withstand a motion to dismiss pursuant to Rule 12(b)(6), the Court denies Plaintiffs' motion to amend as futile."); *accord Krajeski v. Bank of Am., N.A.*, No. 19-cv-1385, 2020 WL 42805, at *8 (E.D.N.Y. Jan. 2, 2020).

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss, construed as motions for judgment on the pleadings, are granted as to all of Plaintiffs' claims. *See* ECF No. 73; ECF No. 74. The Amended Complaint is dismissed with prejudice and the Court declines to grant leave to amend. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       March 7, 2025